# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv013

| | |
|---|---|
| SEA ISLAND COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| THE IRI GROUP, LLC and ) | |
| NAKIA ISREAL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Entry of Final Judgment and Permanent Injunction by Default Against Defendant The IRI Group, LLC [Doc. 16].

## I.  Procedural History

The Plaintiff filed this action on January 11, 2007, against the Defendants The IRI Group, LLC ("IRI Group") and Nakia Isreal, alleging trademark infringement, unfair competition, and unfair and deceptive trade practices in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.* and the statutory and common law of North Carolina.  On January 14, 2007, the

Defendants were served with a copy of the Complaint, as well as properly issued Summons, by hand delivery at IRI Group's registered office address. [Docs. 6, 7].

On February 6, 2007, a letter was filed with the Court, which purports to be an answer to the Complaint on behalf of both Nakia Isreal and IRI Group. [Doc. 11]. The letter is signed by "Nakia Isreal, CEO/Publisher," and the return address on the letter lists the name and address of IRI Group.

On February 7, 2007, the Plaintiff moved for entry of default against both Defendants, on the grounds that neither Defendant had responded to the Complaint. [Doc. 9]. This motion was subsequently amended to request that default be entered against only IRI Group because IRI Group had not answered or otherwise responded to the Complaint, due to the fact that limited liability companies may only appear in federal court through licensed counsel. [Doc. 12].

In response to the Plaintiff's motion [Doc. 12], on February 23, 2007, the Clerk of Court entered default against IRI Group pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. [Doc. 15]. The Plaintiff, however, did not move to strike the February 6, 2007 filing as it pertains to IRI

Group, and to date said pleading has not been stricken as to said Defendant. IRI Group, however, has not moved to set aside the entry of default, and on July 31, 2007, the Plaintiff filed the present motion for default judgment against IRI Group pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. [Doc. 16].

On August 28, 2007, the Defendant Isreal filed another letter [Doc. 22], which purports to be a response on behalf of both Defendants to the Plaintiff's motion for default judgment against IRI Group. On September 10, 2007, the Plaintiff filed a reply [Doc. 23], arguing that the Defendants' letter is untimely and that it is an invalid response with respect to IRI Group. [Doc. 23].

The August 28, 2007 filing, to the extent that it purports to be filed on behalf of Defendant IRI Group is improper because it was not filed by proper counsel and was filed after default was entered as to that Defendant by the Clerk. See Microsoft Corp. v. Computer Service & Repair, Inc., 312 F. Supp. 2d 779, 782 (E.D.N.C. 2004) (striking motion to dismiss filed by unrepresented corporation). The August 28, 2007 filing [Doc. 22], therefore, shall be **STRICKEN** as to Defendant IRI Group.

The Defendant Isreal filed a subsequent letter [Doc. 24] on September 18, 2007, in an attempt to address the Plaintiff's reply. However, sur-reply briefs are not permitted in this Court, and therefore, this letter [Doc. 24] shall be **STRICKEN**.

II.  **Analysis**

The Plaintiff moves for the entry of a final judgment and permanent injunction by default against IRI Group on the grounds that IRI Group has not answered or otherwise responded to the Plaintiff's Complaint.  The Plaintiff is correct that the law is well-established that corporate entities and other non-human entities, such as limited liability companies, can appear in federal court only through counsel.  See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . [T]he rationale for that rule applies equally to all artificial entities."); Gilley v. Shoffner, 345 F. Supp. 2d 563, 566-67 (M.D.N.C. 2004) (holding that a limited liability company could not appear in federal court *pro se*).  Because a limited liability company such as IRI Group may not appear *pro se*, it must be represented by counsel who is properly licensed or otherwise

admitted to practice before this Court in order to answer or otherwise respond to the Plaintiff's Complaint.

The filings of Defendant Israel of February 6, 2007, and August 28, 2007, however, purport to be filed on behalf of Defendant IRI Group, LLC, as well as for Defendant Israel, and raise defenses as to the merits of the Plaintiff's claims. The interests of justice dictate that cases should be decided on the merits wherever practical, rather than relying on technical failures of parties, particularly *pro se* parties. The Court, however, also has an interest in encouraging adherence to the rules of procedure. Accordingly,

**IT IS HEREBY ORDERED** that the Defendant IRI Group, LLC shall retain duly licensed legal counsel and have such counsel appear to file such motions or such answer or other responsive pleading to the Plaintiff's Complaint within thirty (30) days of the entry of this Order. If counsel fails to make an appearance on behalf of the Defendant IRI Group, LLC and fails to file the appropriate motions, answer or responsive pleading within thirty (30) days, the Court will enter a default judgment and permanent injunction against The IRI Group, LLC. Accordingly, the Plaintiff's Motion for Entry of Final Judgment and Permanent Injunction by Default Against

Defendant The IRI Group, LLC [Doc. 16] is **HELD IN ABEYANCE** for a period of thirty (30) days.

**IT IS FURTHER ORDERED** that any pleadings previously filed which purport to be on behalf of The IRI Group, LLC shall be **STRICKEN** with respect to that defendant.  See <u>Microsoft Corp. v. Computer Service & Repair, Inc.</u>, 312 F. Supp. 2d 779, 782 (E.D.N.C. 2004) (striking *sua sponte* motion to dismiss filed behalf of unrepresented corporation).

**IT IS SO ORDERED.**

Signed: October 12, 2007

Martin Reidinger
United States District Judge