**FILED**
ASHEVILLE, N.C.

JAN 2 8 2008

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| SEA ISLAND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07-CV-00013 |
| | ) |
| THE IRI GROUP, LLC and | ) |
| NAKIA ISREAL, | ) |
| | ) |
| Defendants. | ) |

## AMENDED FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

Plaintiff Sea Island Company ("Sea Island Company") and Defendants The IRI

Group, LLC, and Nakia Isreal (collectively "Defendants"), having reached agreement in

settlement of this dispute, have consented to the entry of this Final Judgment and Permanent

Injunction on Consent (this "Judgment"), based on the following stipulated facts and

conclusions of law, which the Court hereby adopts for purposes of this Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      Sea Island Company is a Georgia corporation with its principal offices at 100

Salt Marsh Lane, St. Simons Island, Georgia 31522.

2.      Sea Island Company, a hospitality and real estate corporation, is the owner and

operator of the SEA ISLAND resorts on the Georgia coast, including the Cloister and the

Lodge, popular venues for destination weddings, conferences, and other special events.

3.      Sea Island Company has used the trade name, service mark and trademark

SEA ISLAND (the "SEA ISLAND Mark") in connection with real estate development, sale,

1

leasing and management services; a wide range of hospitality, recreational, and resort facilities and services; and a variety of products.

4. Sea Island Company is the owner of record of various United States trademark and service mark registrations, including but not limited to U.S. Service Mark Registration No. 1,338,346, by which the SEA ISLAND Mark is registered on the Principal Register of the United States Patent and Trademark Office for use in connection with, *inter alia*, hotel and restaurant services, country club services and beach club services.

5. Defendant The IRI Group, LLC, is a North Carolina limited liability company with its principal place of business in Charlotte, North Carolina.

6. Defendant Nakia Isreal, a natural person, is a citizen and resident of Charlotte, North Carolina, and currently conducts business in this District as an officer of Defendant, The IRI Group.

7. Defendants offered a magazine entitled SEA ISLAND WEDDINGS, registered the domain name <seaislandweddings.com>, and operated a wedding planning service under the name SEA ISLAND WEDDINGS.

8. On January 11, 2007, Sea Island Company commenced the above-captioned action (the "Action") by filing a complaint (the "Complaint") against Defendants. The Complaint alleges claims against Defendants for trademark and service mark infringement and federal unfair competition, arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, unfair and deceptive trade practices, arising under N.C. Gen. Stat. § 75-1.1(a), and common law trademark infringement and unfair competition, arising under the laws of the State of North Carolina. Sea Island Company duly effected service of the Complaint on the Defendants on January 14, 2007.

2

9. Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, this Court has subject matter jurisdiction over Sea Island Company's claims against Defendants.

10. This Court has personal jurisdiction over Defendants because Defendants are citizens of this State, reside in this State, do business in this State, and have otherwise established contacts with this State making the exercise of personal jurisdiction proper.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District, and because a substantial part of the events or omissions giving rise to this Action occurred in this District.

12. The IRI Group, LLC is not a natural person and is not represented by counsel and therefore has not made an appearance in this action. Nevertheless, The IRI Group, LLC has consented to entry of this Judgment, by and through its execution of this document by its Chief Executive Officer, Nakia Isreal.

## PERMANENT INJUNCTION AND ORDER

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

13. Defendants and their respective agents, servants, employees, attorneys, predecessors, officers, directors, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, or either of them, are hereby **PERMANENTLY RESTRAINED AND ENJOINED** from any and all use of the SEA ISLAND Mark or any name, mark or designation that is confusingly similar to the SEA ISLAND Mark (whether alone or in combination with other terms or designs); including without limitation the designation "SEA ISLAND WEDDINGS;" or any

3

designation that includes both the terms "SEA" and "ISLAND" or any similar variation thereof (for example and including, but not limited to, "SEA ISLE" and "SEA ISLANDS"), as a trademark, service mark, trade name, or otherwise in connection with the offering or sale of magazines, wedding planning services or other goods or services. Defendants shall be permitted, without violating this Order, to phase out all use of the designation "SEA ISLAND WEDDINGS" or any other colorable imitations of the SEA ISLAND Mark or Sea Island Company's Marks in connection with the particular activities and in accordance with the deadlines specified in subparagraphs (a) and (b) of this Paragraph.

a. Within ten (10) days of the entry of this Judgment, Defendants shall destroy all business cards, invoices, media kits, brochures, magazines, and other advertising and promotional items bearing the designation "SEA ISLAND WEDDINGS" or any other colorable imitation of the SEA ISLAND Mark and give notice of cancellation of any advertising and telephone or other directory listings, domain names or other listings or services using the name SEA ISLAND WEDDINGS or any other variation of SEA ISLAND.

b. Immediately upon entry of this Judgment, Defendants shall cease all other use of the designation "SEA ISLAND WEDDINGS" and any other colorable imitation of the SEA ISLAND Mark or Sea Island Company's Marks, and shall operate their business solely under designations and descriptive phrases that do not include any colorable imitation of the SEA ISLAND Mark.

14. Sea Island Company and Defendants acknowledge that they have knowingly and voluntarily entered into the agreement and stipulations set forth herein that support the entry of this Judgment after reviewing the same with their counsel or having had ample

4

opportunity to consult with counsel, and that any construction of the terms set forth herein shall not be construed in favor of or against any party based upon the identity of the author or any provision of it. Defendants acknowledge that they have knowingly and voluntarily entered into the agreement and stipulations set forth herein that support the entry of this Judgment, after having had ample opportunity to consult with counsel, and that Defendants understand the undertakings, obligations and terms hereof.

15. Except as otherwise provided for herein, the terms hereof shall be binding upon and inure to the benefit of the parties hereto and their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, licensees, manufacturers and distributors and their officers, directors, shareholders, servants, employees, attorneys, and agents, or any committee or other arrangement of creditors organized with respect to the affairs of any party.

16. Sea Island Company and Defendants shall bear their own respective costs and attorneys' fees in connection with this Action.

17. Except as to Defendants' obligations set forth in this Judgment, Sea Island Company's claims against Defendants in this Action are hereby dismissed with prejudice. No appeals shall be taken from this Judgment, and Sea Island Company and Defendants hereby waive all right to appeal from this Judgment.

18. This Court shall retain jurisdiction over this matter to enforce a violation of the terms of this Judgment.

US2000 10466763.1

It is SO ORDERED, this the 28 of January , 200 8.

_____
Martin Reidinger
United States District Judge

Entry of the foregoing Consent Order is agreed to by and between the Parties hereto

as of this _____ day of _____, 200_.

**SEA ISLAND COMPANY**

By: _____

Title: Senior VP / Gen. Counsel

Date: 1/16/08

**THE IRI GROUP, LLC**

By: Nakia Isreal

Title: CEO/OWNER

Date: 12/27/07

**NAKIA ISREAL**

By: NRIsreal

Date: 12/27/07

6

US2000 10466763.1